

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00028-CR

Michael Lloyd **INGRAHAM**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 377978
Honorable Michael La Hood, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  March 19, 2014

AFFIRMED

Appellant Michael Lloyd Ingraham appeals his conviction for resisting arrest. Ingraham's court-appointed attorney filed a brief in which he concludes this appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion to withdraw.  Counsel represents that Ingraham was provided a copy of the brief and the motion to withdraw, and was informed of his right to file his own brief. *See Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).  Ingraham filed a pro se brief.

## BACKGROUND

Ingraham was charged by information with resisting arrest. He entered a plea of not guilty, and a jury found him guilty of the alleged offense.[1]

On November 21, 2011, Officer Louis Tudyk was driving through Yoakum Bend Railroad Yard in Bexar County, Texas around 5:00 p.m. when he saw Ingraham walking his dog through the yard. Officer Tudyk testified that he was wearing a uniform with badges when he identified himself to Ingraham as a Union Pacific Railroad peace officer and informed Ingraham that he was "trespassing on railroad property." When asked, Ingraham told Officer Tudyk that he did not have any identification, and then refused to provide the officer with any identifying information, specifically his name and date of birth. Officer Tudyk explained to Ingraham that he was issuing him a ticket for interference with railroad property and Officer Tudyk needed the information for the citation. Ingraham refused to comply. Ingraham again refused to provide any identification and turned to leave when Officer Tudyk informed him that he was under arrest for interference with railroad property and failure to identify.

Officer Tudyk further testified that although he continued to tell Ingraham that he was under arrest, Ingraham refused to stop. At some point, a struggle ensued between Ingraham and Officer Tudyk as Officer Tudyk attempted to handcuff Ingraham. As Officer Tudyk grabbed Ingraham's left arm and put a handcuff on his wrist, Ingraham continued to resist arrest until Officer Tudyk ultimately used a takedown technique forcing Ingraham to the ground. Even on the ground, Ingraham refused to comply with Officer Tudyk's demand to put his right arm behind his back. Officer Tudyk testified that, with the help of backup officers, he was able to handcuff

---

[1] Prior to his trial for resisting arrest, Ingraham was found not guilty of the offense of failure to identify by a jury in the Justice of the Peace court.

Ingraham and control Ingraham's dog. On cross-examination, Officer Tudyk conceded that the Yoakum Bend yard was not marked with any "no trespassing" or "private property" signs. He also agreed the property was not enclosed by a fence, and people walk along the tracks, with and without dogs, on a regular basis.

Ingraham testified about his interaction with Officer Tudyk. On the day in question, he was walking his dog from the Blue Star complex to a grassy area near the railroad tracks. He did not know the grassy area was railroad property. When Officer Tudyk approached, Ingraham told him he did not want any trouble, and he asked where the property ended so he could get off the railroad's property. As Ingraham tried to exit the property, Officer Tudyk took him to the ground and wrenched his arm in a very painful position. When the other officers arrived, he asked to take his dog back to his apartment and to get his identification, but the officers refused his request. Ingraham adamantly denied pushing or touching Officer Tudyk and instead explained that Officer Tudyk was attacking him.

The jury returned a verdict of guilty and the trial court sentenced Ingraham to one day in jail, giving him credit for time served.

## ANALYSIS

Ingraham's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In counsel's brief, he states he has reviewed the entire record and found no reversible error. *See* TEX. R. APP. P. 44.2. The brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High*, 573 S.W.2d at 813; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). As required, counsel provided Ingraham with a copy of the brief and counsel's motion to withdraw, and informed Ingraham of his right to review the record and file a

pro se brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns*, 924 S.W.2d at 177 n.1. Ingraham filed a pro se brief.

In his brief, Ingraham argues (1) the trial court erred in providing a "Defense (Excessive Force)" jury instruction, (2) the State's case is the result of a "sham of justice," (3) the record contains insufficient evidence to support the resisting arrest charge, and (4) the officers' testimony is suspect.

## CONCLUSION

After reviewing the record, counsel's brief, and Ingraham's pro se brief, we agree that the record contains no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgment, *see id.*, and grant appellate counsel's motion to withdraw, *see Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Ingraham wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from (1) the date of this opinion or (2) the date the last timely motion for rehearing or en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH